FERNALD LAW GROUP LLP
BRANDON C. FERNALD (BAR NO. 222429)
brandon@fernaldlawgroup.com
PAUL W. SANDE (BAR NO. 296357)
paul@fernaldlawgroup.com
510 W. 6th St., Suite 700
Los Angeles, CA 90014
Telephone: (323) 410-0300
Facsimile: (323) 410-0330

Attorneys for Plaintiff and Counter-Defendant
TAP MANUFACTURING, LLC

FILED
CLERK, U.S. DISTRICT COURT
JUL 16 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAP MANUFACTURING, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LORI SIGNS, an individual, HEATHER KEZNETZOFF, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 2:15-cv-00797-SVW (PJWx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |
| LORI SIGNS, an individual,<br><br>Counter-Complainant,<br><br>v.<br><br>TAP MANUFACTURING, LLC;<br><br>Counter-Defendant. | |

DOCUMENT PREPARED
ON RECYCLED PAPER

# PROTECTIVE ORDER

Upon the stipulation of the parties for entry of the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to prevent disclosure of confidential information, the Court enters the following order:

1. **Statement of Good Cause.** Federal Rule of Civil Procedure 26(c)(1) permits the grant of a protective order upon a showing of good cause. The parties have conferred and stipulate to the following.

This case involves a dispute over who may use the Poison Spyder Logo on apparel in commerce (the "Logo"). As a result, discovery will delve into various matters, including but not limited to: 1) both parties' sales of apparel containing the Logo, and 2) other confidential and proprietary business information. Some of this discovery, if made public, could have a detrimental impact on TAP Manufacturing, LLC if its competitors gained access to the information. Discovery may also impact the respective parties' private and confidential information, including their respective relationships with various suppliers and distributors in the United States.

2. **Scope of Order.** This Protective Order shall govern the use of all documents, materials, testimony, and information produced during discovery in connection with the above-captioned action and related proceedings, such as appeals (collectively, the "Action"), whether furnished by a party or by a non-party, which have been designated, in good faith, by a party or by a non-party in accordance with this Protective Order as comprising or containing its or another's confidential or trade secret information. Such documents, materials, testimony, and information may include, without limitation, pleadings, deposition testimony, answers to interrogatories, documents and things produced, information obtained from inspection of premises, reports and declarations, exhibits for trial, and any other discovery or disclosure made in this litigation. In addition, this Protective Order addresses assertions of attorney-client privilege and work product.

- 1 -

DOCUMENT PREPARED
ON RECYCLED PAPER

3. **Definitions.** The following definitions shall apply to this Protective Order:

(a) "AUTHORIZED PERSON" means a person described in paragraph 7 of this Protective Order who is authorized to receive documents, materials, testimony, and information designated as CONFIDENTIAL INFORMATION.

(b) "CONFIDENTIAL INFORMATION" means documents, materials, testimony, and information described in subparagraph 4(a) of this Protective Order and designated in accordance with the terms and conditions of this Protective Order.

4. **Categories of Confidential Information.** Pursuant to the terms of this Protective Order, a party or non-party may designate documents, materials, testimony, and information produced during discovery as CONFIDENTIAL INFORMATION.

(a) CONFIDENTIAL INFORMATION. A party or non-party may designate as CONFIDENTIAL INFORMATION documents, materials, testimony, and information produced during discovery that the party or non-party in good faith believes contains or constitutes personal financial information subject to a right of privacy under laws of California or the United States and that a party in good faith believes should be disclosed only to those persons authorized to have access to such documents, materials, testimony, and information under subparagraph 7(a) of this Protective Order.

5. **Manner of Designation.** Any designation made in accordance with this Protective Order also shall apply to all documents that reproduce, paraphrase, summarize or otherwise contain information from the documents, materials, testimony, and information so designated. Documents, materials, testimony, and information shall be designated as follows:

- 2 -

(a) <u>Hard Copy and/or Imaged Documents</u>. The producing party or non-party shall stamp or label

(i) each page or appropriate portion of the document produced; and

(ii) the front page of any group of documents produced with the term CONFIDENTIAL INFORMATION, as appropriate. In lieu of marking original documents, the producing party or non-party may mark only the actual copies that are produced or exchanged.

(b) <u>Electronic Documents Produced In Native Form</u>. To avoid altering documents produced in native form, the producing party or non-party shall stamp or label

(i) the file name that graphically represents each produced document, which file name is viewable when navigating the electronic media containing the produced document;

(ii) the folder name, if any, that graphically represents each produced document or group of documents, which folder name is viewable when navigating the electronic media containing the produced document; and/or

(iii) the front of any CD, DVD, or other electronic media containing any group of produced documents with the term CONFIDENTIAL INFORMATION, as appropriate. In all cases, the front of the media must be stamped or labeled as appropriate. In lieu of marking original documents, the producing party or non-party may mark only the actual copies that are produced or exchanged.

(c) <u>Deposition Testimony</u>. Deposition testimony taken in the Action shall be treated as CONFIDENTIAL INFORMATION for a period of 30 days after receipt of the transcript of the deposition from the court reporter.

- 3 -

Thereafter, only such deposition testimony as was affirmatively designated on the record at the deposition or subsequently is designated in writing by a party or non-party as containing CONFIDENTIAL INFORMATION shall be treated as such. The party or non-party subsequently designating deposition testimony as containing CONFIDENTIAL INFORMATION shall provide written notice to all other parties and applicable non-parties and to the court reporter of such designation by listing the page and line numbers of the transcript containing the testimony so designated. For any deposition transcript in which any portion of the testimony has been designated as containing CONFIDENTIAL INFORMATION, the court reporter shall imprint the designation on each page of the original deposition transcript so designated and shall seal those pages of the original transcript in a separate envelope from those pages of the original transcript which have not been so designated. In addition, each person authorized to receive a copy of a deposition transcript containing testimony that has been designated as CONFIDENTIAL INFORMATION, shall imprint the designation on each page of all copies of the transcript so designated. A deposition transcript containing information so designated shall not be filed with the Court unless the party has complied with the provisions of paragraph 7 below.

(d) <u>Non-written materials</u>. For materials produced in non-written form, the party or non-party making the designation shall notify all parties and applicable non-parties in writing of the designation being made and describe in detail the specific materials that are being designated. In the case of non-written media, such as videotapes, DVDs, hard drives, or computer diskettes, the producing party or non-party shall prominently stamp or label the media produced with the term CONFIDENTIAL INFORMATION as appropriate.

- 4 -



6. **Restrictions on Use and Disclosure.**

(a) <u>General Restrictions for the Use of All Confidential Information</u>. Except as agreed to in writing by the designating party or non-party, as the case may be, or except as otherwise provided by this Protective Order or by order of the Court, any document, material, testimony or information designated as CONFIDENTIAL INFORMATION

 (i) may be received only by Authorized Persons qualified under paragraph 7 of this Protective Order to receive it;

 (ii) shall be maintained in confidence by such Authorized Persons;

 (iii) shall be disclosed by such Authorized Persons only to other Authorized Persons entitled to receive it under the terms of this Protective Order and shall not be disclosed or made available by such Authorized Persons to anyone who is not authorized to receive such documents, materials, testimony, or information under the terms of this Protective Order; and

 (iv) shall be used by such Authorized Persons <u>only</u> for the purpose of this Action <u>*and for no other purpose whatsoever*</u>. For example, persons to whom access to CONFIDENTIAL INFORMATION is given pursuant to this Order shall not disclose or use in any way such information for purposes of, or in connection with, the prosecution of any patents or patent applications (including continuations, continuations-in-part, reexaminations or reissues) or for any other business purpose.

(b) <u>Deposition Transcripts</u>. No copy of any transcript of any deposition taken by any party which is designated in part or in whole as CONFIDENTIAL INFORMATION shall be furnished by the court reporter

- 5 -

to any person other than to outside counsel for the parties or the deponent or to the Court upon the Court's request.

(c) <u>Copies</u>. There shall be no reproduction whatsoever of any documents, materials, testimony, or information designated as CONFIDENTIAL INFORMATION, except as necessary in connection with this Action. Copies, excerpts, or summaries of CONFIDENTIAL INFORMATION may be shown or given only to those authorized to have access to such materials pursuant to this Protective Order, and this Protective Order shall apply to any such copies, excerpts, or summaries.

(d) <u>Limitations on Restrictions</u>.

(i) The restrictions and obligations set forth in this Protective Order shall not apply to documents, materials, testimony, or information as to which the parties agree, or the Court rules:

(A) are already in the public domain; or

(B) become part of the public domain other than as a result of disclosure, directly or indirectly, by a receiving party; or

(C) have come or shall come into the receiving party's legitimate possession from some source other than another party to this Action.

(ii) Nothing in this Protective Order shall restrict a party or its counsel from using or disclosing documents, materials, testimony, or information which they already possess or may acquire by proper means independent of the formal discovery process in this Action. This Protective Order shall not prohibit a party's counsel from contacting any person merely because that person's identity is disclosed in documents, materials, testimony, or information that has been designated pursuant to the terms of this Protective Order. The restrictions and obligations

- 6 -

DOCUMENT PREPARED ON RECYCLED PAPER

set forth herein shall not be deemed to prohibit discussions with any person of any information if the person already has or obtains legitimate possession thereof.

(iii) No person may refuse to answer any question at a deposition on the sole ground that the question requires the person to disclose CONFIDENTIAL INFORMATION. If a question or an answer at a deposition will disclose CONFIDENTIAL INFORMATION, the deposition shall proceed upon the following basis: prior to posing a question or providing an answer to a question that would reveal CONFIDENTIAL INFORMATION, at the request of the designating party or non-party, all persons not authorized to receive CONFIDENTIAL INFORMATION under this Protective Order shall leave the room during the time in which the CONFIDENTIAL INFORMATION is disclosed or discussed.

7. **Authorized Persons**.

(a) Confidential Information. Access to CONFIDENTIAL INFORMATION shall be restricted to:

(i) individual parties and officers or employees of each corporate party, provided that (A) access by such persons is reasonably necessary to prosecute or defend the Action, and the disclosed information is used only for that purpose, and (B) each such person executes the appropriate Certification in the form attached as Exhibit A hereto (to be retained by counsel for the party during the pendency of the case) before receiving access to any CONFIDENTIAL INFORMATION;

(ii) in-house lawyers for a party who are charged with responsibility for and are actively engaged in supervising this Action

- 7 -

and their immediate staff whose responsibilities require access to the documents, materials, testimony, or information so designated;

(iii) outside lawyers who are members of or employed by a law firm engaged to represent a party in this Action, as well as employees of such law firms whose responsibilities require access to the documents, materials, testimony, or information so designated, and outside vendors (e.g., reproduction services, scanning services, and data management services) who have been retained by such counsel and who are assisting counsel in connection with the Action;

(iv) the Court and any person employed by it—Court personnel need not execute the Declaration and Agreement to be Bound by Protective Order attached hereto as Exhibit A;

(v) court reporters (including stenographers and video technicians) taking a deposition in which CONFIDENTIAL INFORMATION will be disclosed;

(vi) a deponent approved in writing or on the record at the deposition by the party designating the particular CONFIDENTIAL INFORMATION to be shown to such deponent, and then only with respect to the particular CONFIDENTIAL INFORMATION so approved by the designating party or non-party and provided the deponent executes the appropriate Certification in the form attached as Exhibit A hereto or agrees on the record under oath to be bound by the terms of this Protective Order before access to CONFIDENTIAL INFORMATION is allowed;

(vii) outside consultants or experts and their staff retained for any purpose in connection with this Action; provided, however, that prior to disclosure to any outside expert or consultant or any of their

- 8 -

DOCUMENT PREPARED ON RECYCLED PAPER

Case 2:15-cv-00797-SVW-PJW Document 136 Filed 07/16/15 Page 10 of 19 Page ID
Case 2:15-cv-00797-SVW-PJW Document 124 Filed 07/10/15 Page 10 of 19 Page ID
#:2583

staff, the following procedure shall be followed: A notice shall be served on counsel for the party or non-party who made the CONFIDENTIAL INFORMATION designation stating the identity of the outside expert or consultant to whom CONFIDENTIAL INFORMATION is to be disclosed, which shall be accompanied by a copy of the appropriate executed Certification in the form of Exhibit A hereto and a complete and current *curriculum vitae* of such expert or consultant. In the case of consulting firms (e.g., graphics consultants, jury consultants, and translation services) the notice shall provide the identity of the consulting firm and the identity of each individual within the consulting firm that will have access to CONFIDENTIAL INFORMATION, which shall be accompanied by a copy of the appropriate executed Certification in the form of Exhibit A for the consulting firm and a current *curriculum vitae* for the consulting firm. The designating party or non-party shall have 5 business days to object to the proposed disclosure. If such an objection is made, the party seeking to make the disclosure shall not disclose the CONFIDENTIAL INFORMATION to the person for a period of 5 business days after receiving the objection. During this period of 5 business days following the objection, the designating party may file a motion to prevent disclosure. If the designating party does not file a motion within 5 business days of the objection, the objection shall be deemed waived and the party seeking to make the disclosure shall be allowed to do so. In such a motion, the party or non-party opposing disclosure shall bear the burden of establishing that disclosure is not appropriate under applicable law; and

(viii) persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

- 9 -

DOCUMENT PREPARED ON RECYCLED PAPER

1      **8. Requirements to File Under Seal; Filing with the Court.** In
2  accordance with Local Rule 79.5.1, if any papers to be filed with the Court contain
3  information and/or documents that have been designated as "CONFIDENTIAL
4  INFORMATION" the proposed filing shall be accompanied by an application to file
5  the papers or the portion thereof containing the designated information or documents
6  (if such portion is segregable) under seal; and the application shall be directed to the
7  judge to whom the papers are directed. For motions, the parties shall publicly file a
8  redacted version of the motion and supporting papers.
9      **9. Redacted Documents.** Copies of documents may be provided in
10 redacted form if the redaction served to protect: (a) information protected by the
11 attorney-client privilege; (b) information protected by the work-product doctrine; (c)
12 information not called for by the discovery requests served on the responding party
13 or non-party, and/or; (d) information the production of which has been objected to
14 by the responding party or non-party. If documents are provided in redacted form by
15 a party or non-party, that party or non-party shall also provide to the receiving party
16 a log describing the nature of the redacted information in a manner that, without
17 revealing information itself privileged or protected, will enable other parties
18 reasonably to assess the applicability of the privilege or protection. The receiving
19 party may contest the redacting of the identified information by filing an appropriate
20 motion with the Court under applicable law.
21     **10. Attorney-Client Privilege and Work Product.** Nothing in this
22 Protective Order shall require disclosure of materials a party or non-party contends
23 are protected from disclosure by the attorney-client privilege or the work-product
24 doctrine. This paragraph shall not, however, be construed to preclude any party from
25 moving the Court for an order directing the disclosure of such materials.
26     **11. Compliance with Third Party Judicial Process.** In the event that any
27 party or any other individual described in Paragraph 6 above is served with a
28

- 10 -



subpoena or other judicial process demanding the production or disclosure of any CONFIDENTIAL INFORMATION materials, such party or individual shall, unless otherwise prohibited by law, (a) provide all parties or non-parties (including the designating party) with a copy of such subpoena or other judicial process within 10 business days following receipt thereof and (b) take reasonable steps to cooperate with the designating parties or non-parties in any effort to protect any CONFIDENTIAL INFORMATION materials from production or disclosure. Nevertheless, the designating party bears the burden of making a motion or seeking other relieve to avoid the disclosure of such information.

12. **Advice to Clients.** Nothing in this Protective Order shall bar or otherwise prevent any attorney herein from rendering advice to his or her client with respect to this Action and, in the course thereof, from relying on his or her examination or knowledge of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such attorney shall not disclose the contents or source of any CONFIDENTIAL INFORMATION to any person not authorized to receive it under the terms of this Protective Order.

13. **No Admission Implied.** The authorization contained herein for the parties to designate any documents, materials, testimony, or information produced in connection with this Action as CONFIDENTIAL INFORMATION is intended solely to facilitate discovery and preparation for trial of this Action, and such designation shall not be construed in any way as an admission or agreement by the other parties that such information constitutes or contains trade secrets or other confidential business, research, development, technical, financial, or commercial information under applicable law.

14. **Error in Designation or Production.** The production or other disclosure of documents, materials, testimony, or information containing trade

- 11 -

secrets or other confidential business, research, development, technical, financial, or commercial information without a designation as CONFIDENTIAL INFORMATION shall not be deemed a waiver in whole or in part of a party's or non-party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. The production of documents or other information containing privileged information or attorney work product shall not be deemed a waiver in whole or in part of any party's or non-party's claim of privilege or work product protection, either as to the specific information disclosed or as to any other information relating thereto or to the same or related subject matter.

15. **Right to Designate or Redesignate at Any Time.** If information is produced in discovery that is subject to a claim of privilege, protection as trial-preparation material, or confidentiality, the party making the claim shall notify any party that received the information of the claim and the basis for it within 5 business days of its discovery, and, within 5 business days of receipt of such notice, the notified party or parties (regardless of any disagreement regarding the proper designation of the document) shall (i) in the case of a privileged document, return, delete, or destroy the document forthwith, as well as any and all copies and shall certify to that effect; or (ii) in the case of a confidential, proprietary document, mark it and all copies, CONFIDENTIAL INFORMATION as designated. When information not initially designated as CONFIDENTIAL INFORMATION or is so designated later in writing, each party shall make a reasonable effort to retrieve documents containing the later-designated information and otherwise ensure that persons to whom the information has been disclosed will treat it as CONFIDENTIAL INFORMATION. However, no sanctions shall be imposed upon a notified party for any disclosure of the later-designated information made prior to the notified party's receipt of written notification of the belated designation of the information as such.

DOCUMENT PREPARED ON RECYCLED PAPER

In the event that the notified party is unable to retrieve the later-designated information – because, for example, the document has been given to a third party who declines to return it – the notified party will provide the designating party or non-party with the name, address, and telephone number of such person(s) as well as the date of and reason for the transmission of the document.

16. **Right to Challenge Designations.** Any party may contest the designation of any information as privileged or as CONFIDENTIAL INFORMATION. A failure to challenge a claim of privilege or confidentiality shall not constitute agreement that such claim is valid and shall not prejudice any party or person. If any party disagrees with any designation of any information as privileged or as CONFIDENTIAL INFORMATION, it shall notify counsel for the designating party or non-party, and they shall meet and confer in an attempt to resolve the dispute. If the dispute is not so resolved within 10 business days of receiving notice, the party contesting the designation may place the dispute before the Court, and the information shall be maintained as privileged or as CONFIDENTIAL INFORMATION unless and until the Court rules otherwise. If the party contesting the designation does not file a motion within 15 business days of its notice contesting the designation, the objection shall be deemed waived and the information shall remain as designated by the designating party. In connection with any such application for relief, the parties bear the applicable burdens under applicable law. To the extent relief is sought from the Court, the parties shall comply in all respects with the Local Rules, including but not limited to Local Rules 37-1 and 37-2.

17. **Right to Seek Additional Relief.** Nothing herein shall prevent a party or non-party from petitioning the Court for additional relief or protection of confidential materials.

18. **Other Judicial Proceeding.** By entering this Protective Order and limiting the disclosure of information in this case, this Court does not intend to

- 13 -

Case 2:15-cv-00797-SVW-PJW   Document 174   Filed 07/10/15   Page 15 of 19   Page ID #:2588

preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party that is subject to this Order and that is subject to a motion in another action to disclose another party's or non-party's information that was designated as CONFIDENTIAL INFORMATION pursuant to this Order, shall, unless otherwise prohibited by law, promptly notify the designating party or non-party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

19. **Conclusion of Action.** Within 90 days after the final conclusion of this Action by settlement, judgment without appeal, or issuance of a mandate by an appellate court, counsel of record for each party shall return to the applicable designating party or non-party, or certify to them in writing that it has destroyed, all CONFIDENTIAL INFORMATION designated by such party or non-party during the course of this Action, including all copies of discovery and all excerpts or summaries thereof or any other materials derived therefrom or referring thereto, except that each counsel of record may maintain a single copy of all pleadings containing such information and except for any documents properly classified as work product.

20. **Survival beyond Termination of the Action.** This Protective Order shall survive the final termination of this Action to the extent that the information contained in CONFIDENTIAL INFORMATION material is not or does not become public knowledge.

21. **Modification.** The terms of this Protective Order are subject to modification, extension, or limitation if agreed to by all of the parties, and approved and ordered by the Court. In addition, nothing contained in this Protective Order shall prevent a party at any time from seeking an order from the Court modifying or

- 14 -

otherwise providing relief from particular terms or conditions of this Protective Order.

BRANDON C. FERNALD
FERNALD LAW GROUP LLP


By: */s Brandon C. Fernald*
      Brandon C. Fernald

Attorneys for Plaintiff and Counter-Defendant
TAP MANUFACTURING, LLC


LORI SIGNS

By: [signature]
      Lori Signs

In Pro Per

HEATHER KEZNETZOFF

By: [signature]
      Heather Keznetzoff

In Pro Per

IT IS SO ORDERED.
DATED: 7/16/15

[signature]
UNITED STATES MAGISTRATE JUDGE

- 15 -

DOCUMENT PREPARED ON RECYCLED PAPER

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAP MANUFACTURING, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LORI SIGNS, an individual, HEATHER KEZNETZOFF, an individual, and DOES 1-10, inclusive,<br><br>Defendants,<br><br>LORI SIGNS, an individual,<br><br>Counter-Complainant<br><br>v.<br><br>TAP MANUFACTURING, LLC;<br><br>Counter-Defendant. | CASE NO.: 2:15-cv-00797-SVW (PJWx)<br><br>**DECLARATION AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _Lori Signs_, acknowledge and declare as follows:

1. My address is: "Confidential"

2. I have received a copy of the Protective Order in this Action; I have carefully read and understand the provisions of the Protective Order; and I agree to comply with, and to be bound by, its terms.

- 1 -

DOCUMENT PREPARED ON RECYCLED PAPER

Case 2:15-cv-00797-SVW-PJW   Document 136   Filed 07/16/15   Page 19 of 19   Page ID
Case 2:15-cv-00797-SVW-PJW   Document 114   Filed 07/10/15   Page 19 of 19   Page ID
#:2592

3. I will hold in confidence, not disclose to anyone not qualified under the Protective Order, and will use only for purpose of this Action, materials, that are disclosed to me, marked or designated as (please check one or both as applicable):

☐ CONFIDENTIAL INFORMATION or

4. I immediately will return all materials marked or designated as CONFIDENTIAL INFORMATION that may come into my possession, and documents or things which I may prepare relating thereto to counsel for the party producing such materials upon receipt of a request to do so at the conclusion of the Action.

5. I hereby irrevocably consent to the United States District Court for the Central District of California for the purpose of any proceeding to enforce or secure compliance with the terms of this Protective Order, or to punish the breach of any of the terms of this Protective Order. I understand that I may be found in contempt of court if I violate this Agreement.

6. I understand and agree that my obligations under this Certification and Agreement and the Protective Order will survive and continue beyond the termination of the Action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
Signature

_____
Printed Name

- 2 -

DOCUMENT PREPARED
ON RECYCLED PAPER