**FILED**
CLERK, U.S. DISTRICT COURT

July 28, 2015

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____ PMC _____ DEPUTY

1  BRANDON C. FERNALD (BAR NO. 222429)
   *brandon@fernaldlawgroup.com*
2  PAUL W. SANDE (BAR NO. 296357)
   *paul@fernaldlawgroup.com*
3  **FERNALD LAW GROUP LLP**
   510 W. 6th St., Suite 700
4  Los Angeles, CA  90014
   Telephone: (323) 410-0300
5  Facsimile:  (323) 410-0330
6

7  Attorneys for Plaintiff and Counter-Defendant
   TAP MANUFACTURING, LLC                            JS-6
8

9

10         **IN THE UNITED STATES DISTRICT COURT**

11         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13
   TAP MANUFACTURING, LLC, a          CASE NO.: 2:15-cv-00797-SVW(PJWx)
14 Delaware limited liability company,

15
                Plaintiff,
16

17         v.

18                                      ~~[PROPOSED]~~ **STIPULATED**
                                        **PERMANENT INJUNCTION**
19 LORI SIGNS, an individual,          **AND ORDER OF DISMISSAL**
   HEATHER KEZNETZOFF, an
20 individual, and DOES 1-10, inclusive,

21                                      Hon. Stephen V. Wilson
                Defendants,
22 LORI SIGNS, an individual,

23
                Counter-Complainant,
24

25         v.

26 TAP MANUFACTURING, LLC;

27
                Counter-Defendant.
28

DOCUMENT PREPARED
ON RECYCLED PAPER

It is hereby stipulated by and among Plaintiff and Counter-Defendant TAP Manufacturing, LLC ("TAP Manufacturing") and Defendant and Counter-Complainant Lori Signs ("Defendant Signs") and Defendant Heather Keznetzoff (collectively referred to herein as "Defendants") that the following Permanent Injunction ("Injunction") and Order of Dismissal be entered by the Court, premised upon the following:

1.      The Court has jurisdiction over the parties and the subject matter at issue in this action and will retain said personal and subject matter jurisdiction for the purposes of enforcing this injunction;

2.      The term "PSC Marks" refers to the Poison Spyder word mark "POISON SPYDER CUSTOMS" and Poison Spyder design mark depicted below, as well as any marks confusingly similar thereto:



3.      The PSC Marks are valid and distinctive, and are owned by TAP Manufacturing;

4.      TAP Manufacturing filed the herein lawsuit against Defendants pursuant to 15 U.S.C. §§ 1114 & 1125(a), California common law, and Cal. Bus. and Prof. Code § 17200 alleging that Defendants were engaging in the unauthorized offering for sale and sale of merchandise and apparel bearing either one or both of the PSC Marks as well as using the PSC Marks in such a way that caused consumer confusion as to the source of Defendants' apparel and other merchandise;

5.      At present, Defendant Signs is the owner of three custom vehicles known as "Rockstar", "Wildthing" and "Showgirl", respectively (collectively, the

DOCUMENT PREPARED
ON RECYCLED PAPER

"Signs Bruisers"); True and accurate photographs of the Signs Bruisers are attached hereto as <u>Exhibit A</u>;

6.     Defendant Signs is also the owner of a trailer that has the PSC Marks emblazoned on its sides (the "Trailer").  A true and accurate photograph of the Trailer is attached hereto as <u>Exhibit B.</u>

7.     Entry of a permanent injunction will achieve the purpose of the Lanham Act and California state and common law.

Based upon the stipulation of the Parties and finding good cause therefor, the Court hereby **ORDERS**:

8.     Defendants along with their agents, servants, employees, representatives, successors and assigns, and all those persons or entities acting in concert or participation with them, shall be and hereby are PERMANENTLY ENJOINED and RESTRAINED from:

9.     Using either or both of the PSC Marks, or any other logo or trademark that is confusingly similar to the PSC Marks including but not limited to Poison Spyder, PSC, Spyder, Poison Spyder Customs Rockstar, Poison Spyder Customs Wild Thing, or any derivation thereof, for any purpose in commerce;

10.     Engaging in any course of conduct with respect to either or both of the PSC Marks that is likely to mislead the public into believing that Defendants are affiliated with or otherwise connected to TAP Manufacturing, including but not limited to the following:

a.     Engaging in any course of conduct with respect to either or both of the PSC Marks that is likely to mislead the public into believing that the products marketed and/or offered for sale by Defendants are licensed, sponsored, authorized, or otherwise approved by TAP Manufacturing;

b.     Selling any apparel bearing either one or both of the PSC Marks except as expressly and specifically provided for under section 14 to this injunction;

DOCUMENT PREPARED
ON RECYCLED PAPER

c.     Selling any merchandise from a trailer or storefront bearing the PSC Marks except as expressly and specifically provided for under section 14 to this injunction; or

d.     Engaging in any other activity constituting infringement of either or both of the PSC Marks.

**IT IS FURTHER ORDERED THAT**:

11.     Within sixty (60) days of the date of this Order, Defendants shall either destroy all apparel in their possession, custody or control containing either or both of the PSC Marks, OR remove OR permanently cover the PSC Marks on said apparel, as appropriate;

12.     Within one hundred and eighty (180) days of the date of this Order, Defendants shall cause the PSC Marks to be removed from the Trailer or shall permanently cover the PSC Marks, as appropriate; and

13.     Within one hundred and ninety (190) days of the date of this Order, Defendants shall provide to counsel for TAP Manufacturing herein a sworn verification that the items set forth in paragraphs 11 and 12 above have been satisfied.

**EXCEPTION FROM ORDER:**

14.     Defendants are permitted under this Injunction to display the Signs Bruisers with the PSC Marks that are presently on them, as depicted in the photographs attached hereto as <u>Exhibit A</u>.  Defendants are further permitted to market and sell apparel with images of the Signs Bruisers with the PSC Marks that are presently on them.  Defendants may not, however, add additional PSC Marks to the Signs Bruisers.

**ADDITIONAL TERMS:**

15.     **Future Claims Unaffected.**  Nothing in this Stipulated Permanent Injunction and Order of Dismissal precludes TAP Manufacturing from asserting any claims or rights that arise solely after entry of this Stipulated Permanent Injunction

DOCUMENT PREPARED
ON RECYCLED PAPER

and Order of Dismissal or that are based upon any breach of, or the inaccuracy of, any representation or warranty made by Defendants in this Stipulated Permanent Injunction and Order of Dismissal or the settlement agreement reached by the Parties. Upon proof of any violations by Defendants of the provisions of this Permanent Injunction, the Court shall be authorized to award damages and other relief therefor, including any damages that TAP Manufacturing had previously released pursuant to the terms of the Settlement Agreement and Release between TAP Manufacturing and Defendants.

16.     **Non-Appealability.**  This Stipulated Permanent Injunction and Order of Dismissal is final and may not be appealed by either party.

17.     **Fed. R. Civ. P. 65.**  This Stipulated Permanent Injunction applies to and binds all parties who are in active concert or participation with Defendants as provided in Fed. R. Civ. P. 65(d).  Defendants waive any objection under Fed. R. Civ. P. 65.

18.     **Survival.** This Stipulated Permanent Injunction and Order of Dismissal shall bind Defendants and their agents, servants, employees, representatives, successors and assigns, and all those persons or entities acting in concert or participation with them.

19.     **Waiver of Appeal.**  TAP Manufacturing and Defendants waive any right to appeal the entry of this Stipulated Permanent Injunction.

20.     **Consent.**  Defendants affirm that their respective consent to this Stipulation is given freely and voluntarily, and after having had the opportunity to seek legal counsel.

21.     **Dismissal.** TAP Manufacturing's claims against Defendants, and Lori Signs's counterclaims against TAP Manufacturing are hereby dismissed with prejudice and without costs to either Party, except the Court shall retain jurisdiction

DOCUMENT PREPARED
ON RECYCLED PAPER

1    to enforce this Stipulated Permanent Injunction and Order of Dismissal and the

2    settlement agreement between the parties.

3        22. **Attorney's Fees.** In the event that TAP Manufacturing is forced to bring

4    any action to enforce a material term or condition of this Stipulation, then TAP

5    Manufacturing shall be entitled to have and recover from Defendants, severally and

6    not jointly, any and all costs and expenses, including attorneys' fees, incurred in such

7    action.

8

9        STIPULATED TO this the 24th day of July 2015:

10

11

12    By: _____

13    Lori Signs
      15848 Braod Oaks Road

14    El Cajon, CA 92021
      Telephone: (619) 277-7316

15    Email: lasigns@aol.com

16

17    Defendant Lori Signs, Pro Se

18

19

20    By: _____

21    Heather Keznetzoff
      15848 Braod Oaks Road

22    El Cajon, CA 92021
      Telephone: (619) 277-7316

23    Email: skunkdog11@aol.com

24

25    Defendant Heather Keznetzoff, Pro Se

26

27

28

FERNALD LAW GROUP
By: _s/ Brandon C. Fernald_____
Brandon C. Fernald
Paul W. Sande
510 W. 6th Street, Suite 700
Los Angeles, CA 90014
Telephone: (323) 410-0324
Facsimile: (323) 410-0330
Email: brandon@fernaldlawgroup.com

Attorneys for Plaintiff TAP
MANUFACTURING, LLC

**IT IS SO ORDERED.**

**DATED:** _____ July 28, 2015 _____

_____

**STEPHEN V. WILSON**
**UNITED STATES DISTRICT JUDGE**

DOCUMENT PREPARED
ON RECYCLED PAPER

- 5 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

DOCUMENT PREPARED
ON RECYCLED PAPER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





DOCUMENT PREPARED
ON RECYCLED PAPER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



DOCUMENT PREPARED
ON RECYCLED PAPER